# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CESILEO RAMIREZ, #M29540,   )
           )
       Plaintiff,  )
           )
vs.           )  Case No. 13-cv-01191-MJR
           )
SALVADOR GODINEZ, JOHN DOE #1, )
JOHN DOE #2, JOHN DOE #3,   )
JOHN DOE #4, and JOHN DOE #5,  )
           )
       Defendants. )

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

  Plaintiff, an inmate who is currently incarcerated at Pontiac Correctional Center ("Pontiac"), brings this action for constitutional deprivations pursuant to 42 U.S.C. § 1983 (Doc. 1). The action was originally filed in the United States District Court for the Central District of Illinois. *See Ramirez v. Godinez, et al.*, No. 13-cv-03384 (C.D. Ill. Nov. 13, 2013). The case was transferred to this Court on November 19, 2013. In the complaint, Plaintiff claims that he was brutally beaten by several unknown correctional officers at Menard Correctional Center ("Menard"). He now sues these unknown defendants for the use of excessive force and retaliation (Doc. 1, p. 12). Plaintiff seeks monetary damages.

  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

While in Menard's chapel on February 5, 2013, Plaintiff heard a gunshot (Doc. 1, p. 10). He lay down on the floor. Several Menard correctional officers responded. Upon their arrival, the officers restrained Plaintiff and handcuffed him. They took him to Menard's health care unit (HCU) for an evaluation. Once there, the escorting officers "maliciously [and] sadistically punched and kicked" Plaintiff. They "brutally beat" Plaintiff by hitting him in the back of the head with a walkie-talkie. As a result, Plaintiff sustained a "serious head injury."

The complaint now raises an excessive force and retaliation claim against the unknown correctional officers (Doc. 1, p. 12). In order to identify these unknown defendants, Plaintiff has named Salvador Godinez, the Director of the Illinois Department of Corrections (IDOC), as a defendant (Doc. 1, pp. 11-12). Plaintiff seeks $300,000 in monetary damages.

<u>**Discussion**</u>

After carefully considering the allegations in the complaint, the Court finds that it states a colorable excessive force claim under the Eighth Amendment (**Count 1**) against the unknown Menard correctional officers, Defendants Doe #1-#5. The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). To state an excessive force claim, an inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). The allegations in the complaint satisfy this standard. Accordingly, Plaintiff shall be allowed to proceed with Count 1 against Defendants Doe #1-#5.

However, the complaint fails to articulate a colorable retaliation claim (**Count 2**) against Defendants. In the prison context, where an inmate is alleging retaliation, the inmate must identify the reasons for the retaliation, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Plaintiff must have engaged in some protected First Amendment activity (for example, filing a grievance or otherwise complaining about conditions of confinement), experienced an adverse action that would likely deter such

protected activity in the future, and must allege that the protected activity was "at least a motivating factor" in the Defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009). The inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim, and in a claim for retaliation the reason for the retaliation and the acts taken in an effort to retaliate suffice. *Higgs*, 286 F.3d at 439. The complaint does not satisfy this standard. It neither identifies a protected activity prompting Defendants' retaliatory conduct, nor alleges that the protected activity was "at least a motivating factor" in Defendants' decision to retaliate. Without more, Count 2 fails and shall be dismissed without prejudice.

**Identification of Unknown Defendants**

Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). "Depending on the particular circumstances of the case, the court may assist the plaintiff by providing counsel for the limited purpose of amending the complaint; by ordering the named defendants to disclose the identities of unnamed officials involved; by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible; by dismissing the complaint without prejudice and providing a list of defects in the complaint; by ordering service on all officers who were on duty during the incident in question; or by some other means." *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Under the circumstances presented, the Court finds that Menard's warden is best suited to identify the

unknown correctional officers at Menard.

Accordingly, the Clerk is **DIRECTED** to terminate Defendant Godinez as a defendant in this action, and add the Warden, Menard Correctional Center as a defendant, in his official capacity. *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d). In any future documents filed in this case, Plaintiff shall identify the Warden by his proper name. Once Plaintiff identifies the defendants, he shall file an amended complaint naming them as defendants and requesting dismissal of Menard's warden as a defendant.

**Pending Motions**

Plaintiff filed a motion for recruitment of counsel (Doc. 3), which shall be referred to a United States Magistrate Judge.

Plaintiff also filed two motions for preservation of evidence (Docs. 6, 10), which shall be referred to a United States Magistrate Judge.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 2** is dismissed without prejudice from this action for failure to state a claim upon which relief can be granted. The **CLERK** is **DIRECTED** to terminate **DEFENDANT GODINEZ** and add **WARDEN, MENARD CORRECTIONAL CENTER** as a defendant, in his official capacity, for the sole purpose of identifying Defendants John Doe #1-#5.

**IT IS FURTHER ORDERED** that with regard to **COUNT 1**, the Clerk of Court shall prepare for Defendant **MENARD CORRECTIONAL CENTER WARDEN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.

If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States**

**Magistrate Judge** for further pre-trial proceedings, including decisions on Plaintiff's motion to recruit counsel (Doc. 3) and motions for preservation of evidence (Docs. 6, 10) and expedited discovery aimed at identifying John Doe #1-#5 with specificity.

Further, this entire matter is hereby **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 11, 2013**

<u>s/ MICHAEL J. REAGAN</u>
United States District Judge