IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CESILEO RAMIREZ,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13−cv−1191−MJR−SCW |
| | ) |
| **RICHARD HARRINGTON,** | ) |
| **KIMBERLY BUTLER,** | ) |
| **JOSEPH COWAN,** | ) |
| **DAVID DOBBS,** | ) |
| **MAYNARD HUDSON,** | ) |
| **TIMOTHY JONES,** | ) |
| **DONALD LINDENBERG,** | ) |
| **CURTIS MOORE,** | ) |
| **DARL PRANGE,** | ) |
| **MICHAEL QUIGLEY,** | ) |
| **JERRY WHITOFF, and** | ) |
| **WYNDELL** | ) |
| | ) |
| Defendants. | ) |

# ORDER

**WILLIAMS, Magistrate Judge:**

Plaintiff filed this suit alleging unconstitutional excessive force against multiple unknown defendants on November 13, 2013. (Doc. 1). Because the events complained of occurred at Menard Correctional Center, the case was transferred to this district on November 18, 2013. (Doc. 7). At threshold screening, the Court found that Plaintiff had not stated a claim against Salvador Godinez, the Director of the Illinois Department of Corrections, and dismissed him. (Doc. 13). The Order also added Richard Harrington, in his official capacity, as a Defendant for the purposes of identifying the unknown John Doe Defendants. (Doc. 13). When Kimberly Butler became Warden of Menard, she was substituted in his place in her official capacity. (Doc. 42). The threshold order instructed Plaintiff to dismiss the Warden after the John Doe Defendants had been identified. (Doc. 13).

1

On July 7, 2014, the Court recruited Josh Pierson to represent Plaintiff. (Doc. 38). Plaintiff then filed an Amended Complaint, identifying the unknown Defendants, on January 6, 2015. (Doc. 56). Butler and Salvador Godinez are both listed in the caption of the Amended Complaint, but there are no individual allegations against either of them. (Doc. 56). The Amended Complaint requests no injunctive or equitable relief. (Doc. 56).

Butler has now filed a Motion requesting dismissal on the grounds that the threshold order required the Plaintiff to name her for the purposes of identifying the unknown Defendants, which has now been accomplished. (Doc. 69). Butler further argues that the Amended Complaint does not contain any allegations as to her. (Doc. 69). Butler also points to the language in the threshold order, directing Plaintiff to dismiss the warden once the unknown parties have been identified. (Doc. 69).

Plaintiff lists Butler, the Warden of Menard, and Godinez, the Director of the IDOC among the Defendants, but makes no allegations against any of them in the body of the complaint. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. **See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2)**. Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him or her. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. **See Collins v. Kibort, 143 F.3d 331, 334 (7th Cir. 1998)**. And, although not raised by the parties, in the case of those Defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to § 1983 actions. **Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted)**. Plaintiff has not alleged that the above Defendants are "personally responsible for the deprivation of a constitutional right," *id.*, and a Defendant cannot be

liable merely because he or she supervised a person who caused a constitutional violation. Accordingly, Defendants Butler and Godinez will be **DISMISSED** from this action without prejudice. Butler's Motion is **GRANTED**. (Doc. 69).

**IT IS SO ORDERED**

**Date: February 3**, 2015                              /s/ *Stephen C. Williams*
                                                                              **Stephen C. Williams**
                                                                              United States Magistrate Judge